QUINN v. QUINN.   (No. 670.)

(Court of Civil Appeals of Texas. Beaumont.
May 20, 1921.   Rehearing Denied
June 8, 1921.)

1. **Brokers** ⬡=66—**Fact that assistance was
required in selling land no bar to compensa-
tion under agreement to divide commissions.**

Where broker agreed to pay one assisting
him half the commission if he should first call
attention of buyer to land listed, the fact that
a sale of a particular farm would not have been
made to the purchaser furnished but for the ef-
forts of the broker in selling vendor's lien notes
and a tract of land for such purchaser would
not prevent a recovery by the assistant of the
agreed compensation.

2. **Brokers** ⬡=66—**One who first pointed out a
farm for sale after listed entitled to agreed
part of commission, though before listed bro-
ker called purchaser's attention thereto.**

Where before a farm was listed with a
broker for sale, and when the purchaser was
in no way interested therein, the broker called
it to his attention, but not with a view to mak-
ing a sale, and agreed to pay one assisting him a
portion of commissions received on sales of
land, and the farm was first pointed out to the
purchaser by such assistant after it was list-
ed, the assistant was entitled to recover the
agreed compensation.

3. **Brokers** ⬡=66 — **Ordinary rules governing
rights of real estate agents held not to apply
to commissions as between brokers.**

Where broker agreed to pay to one assist-
ing him one-half of commissions earned from
sales of land brought about through the efforts
of the assistant, the ordinary rules governing
the rights of real estate agents to commissions
for sale of lands had no application; the rights
of the parties being governed by the contract as
made between them.

Appeal from District Court, Jefferson
County; W. H. Davidson, Judge.

Suit by Paul Quinn against B. E. Quinn.
Judgment for plaintiff, and defendant ap-
peals. Affirmed.

Collins, Morris & Barnes, of Beaumont,
for appellant.

Smith, King & Hart, of Beaumont, for ap-
pellee.

HIGHTOWER, C. J.  The appellee, Paul
Quinn, as plaintiff below, filed this suit in
the district court of Jefferson county against
appellant, B. E. Quinn, to recover $2,049.76,
with interest on that amount at the rate of
6 per cent. per annum from January 14,
1920, and upon trial before the court without
a jury, appellee recovered judgment for the
full amount sued for, and from that judg-
ment B. E. Quinn appealed to this court.

Appellee claimed that the amount sued
for by him was due him by appellant for
services rendered to appellant as a real es-
tate agent and dealer under a parol contract
between them.  In the year 1919, and for
several years prior thereto, appellant was
engaged in the real estate business in the
city of Beaumont, and had a well-establish-
ed business of that character, which consisted
of buying and selling lands and listing lands
of others for sale on commission.  Appellee al-
leged, substantially, that about May 1, 1919,
he entered into a parol contract with appel-
lant to assist him in his real estate business,
and that under such contract appellant had
become liable to him for services rendered for
the amount for which he sued, and which ap-
pellant had refused to pay him.  Appellee
alleged the nature and terms of the contract
to be as follows:

"That heretofore, to wit, on or about the 1st
day of May, 1919, the defendant employed the
plaintiff, Paul Quinn, to assist him with his said
real estate business in Jefferson county, Tex.,
and on or about said date entered into a binding
and legal agreement and contract with this
plaintiff, to assist him with his real estate busi-
ness, which said contract and agreement was
oral and, in substance, as follows, to wit: De-
fendant agreed to furnish an office and to pay
all expenses incident to the conducting of said
real estate business, and to furnish an auto-
mobile and defray the expenses of said auto-
mobile in its operation and repair, etc.; that
the plaintiff should not be required to pay any
rent or expenses whatever in connection with
the operation of said real estate business, or
any expense in connection with the mainte-
nance or operation of said automobile.

"That under said agreement it was the duty
of plaintiff to seek for purchasers of real es-
tate, and to work to the end that property list-
ed with the defendant's real estate business
should be sold; and by the terms of said agree-
ment it was agreed by and between plaintiff and
defendant that where property was listed with
the defendant for sale, and the plaintiff should
be the first to get in touch or call the atten-
tion of a purchaser to any property listed with
the defendant for sale and belonging to others
than himself and one R. E. Smith, and a sale
should be consummated with such person to
whom plaintiff had presented such property first,
then plaintiff was to receive as compensation
on such sale one-half of the gross commission
received as the result of such sale."

This is a sufficient statement of appellee's
pleading to show what he claimed the parol
contract between him and appellant to be.
Appellant's answer consisted of a general
demurrer, general denial, and a special aver-
ment as to the terms of the contract that was
made between him and appellee.  Appellant's
version of the contract, as contained in his
answer, was as follows:

"Defendant did employ plaintiff to assist him
in his real estate business, and by the terms of
such agreement plaintiff was to distribute lit-
erature, put up signs on property listed for

⬡=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sale, and list new property and new clients, and, on the condition that plaintiff would distribute literature, post signs, and list new business, defendant agreed to give plaintiff one-half of the commission on the sales of property that he (plaintiff) should make and carry through to conclusion without the assistance of defendant; that plaintiff did not carry out the terms of his said employment and did not distribute literature as he agreed to do, and he did not post signs as he agreed to do, and he did not try to list new business as he agreed to do, and, instead of being diligent in his work and complying with the contract, plaintiff would lie around the office, and on several occasions he was found asleep in the office during business hours when clients would come to the office on business, and, though plaintiff breached his contract, yet defendant advanced him certain sums of money hereinafter more specifically alleged, and gave him credit for certain commissions which he had not earned and was not entitled to."

The real controversy between the parties was whether the appellee was entitled to one-half of the commission which was received by appellant for the sale of a certain farm in Jefferson county known as the Richardson-Walker farm, which commission amounted to $5,444.81. It was the contention of appellee that after this farm had been listed for sale with appellant as a real estate dealer, he (appellee) about the 1st of December, 1919, made known to Albert and Herman Dommert the fact that said farm was listed with appellant for sale by its owners, and that he pointed out to said Dommerts on a map in appellant's office the location of this farm, and informed said Dommerts of facts which he considered ·made the farm a very valuable one, and that at the time he so mentioned this farm to the Dommerts, and after his statement as to its being a very desirable farm, etc., the Dommerts seemed quite interested in the proposition, and that afterwards a sale of the farm to the Dommerts resulted. He further alleged that he was the first to call attention of the Dommerts to the fact that the Richardson-Walker farm was listed with appellant for sale, and that he was the first to present and point out this property to the Dommerts, and that he worked diligently with the view to consummating a sale of said farm to said Dommerts, and that largely through his efforts the purchase of the farm by the Dommerts was brought about.

Appellant, in his answer, specially denied that appellee was the first to call attention of the Dommerts to the fact that the Richardson-Walker farm was listed with him for sale, but, on the contrary, alleged that he (appellant) first informed the Dommerts that said farm was listed with him for sale, and that it was through his own efforts and diligence that the Dommerts became the purchasers of said farm. Appellant further alleged, substantially, that under the parol contract between him and appellee the latter was entitled to no part of the commission received for the sale of said farm, for the reason that according to the terms of the parol contract appellee was only to share in commissions received on new business that had come in to appellant's office after the making of such parol contract—in other words, new business —and that he was only entitled, under the terms of the contract, to ·share in commissions paid by new clients, and that the Dommerts were not new clients, but that, on the contrary, they were old clients of appellant, before. the making of the contract between him and appellee. He further alleged, substantially, that the Dommerts did not agree to purchase said farm, and would not have purchased said farm but for the fact that he (appellant) bound himself to sell for the Dommerts $15,000 worth of certain vendor's lien notes for their full face value, principal and interest, and also but for the fact that appellant agreed and bound himself to sell for the Dommerts or buy from them a tract of land owned by them in Jefferson county of some 539 acres at a net profit of $10 per acre, and he alleged that he did sell said vendor's lien notes and said land for the Dommerts, as he agreed and bound himself to do, and thereby enabled said Dommerts to purchase said farm, which otherwise they were not willing, ready, or able to do, and that therefore appellee was not entitled to any part of the commission received for the sale of said farm.

Upon the trial below the appellee testified that on the 1st of December, 1919, the said Albert and Herman Dommert, who were brothers and who were residents of the state of Louisiana, came to Beaumont, and early in the morning on that day came into appellant's real estate office, and that he (appellee) was alone in the office when they came in, appellant not having come to the office at that time, but came in some hour or so later. He testified, substantially, that while the Dommert brothers were in the office, and before appellant came to the office on the morning in question, he called attention of the Dommerts to the fact that the Quinn Realty Company, which was the business name under which appellant conducted his real estate business, had listed with it for sale the Richardson-Walker farm, and that he pointed out this farm on a map then in the office, and told the Dommerts how the farm was located, etc., about the advantage of good roads, etc., and that at that time the Dommerts seemed interested in what he stated to them about this farm, and that up to that time the Dommerts had not been at all interested in the farm, and never knew that the same was for sale, and especially that they never knew that the same was listed with the Quinn

Realty Company for sale. On that trip to Beaumont the Dommerts did not remain more than a day or two, but returned to their home in Louisiana, and about the 14th of December following they again came to Beaumont, and the sale and purchase of this farm was again discussed with them, both by appellee and by appellant, and they became interested in this farm. The testimony shows that appellant and appellee, on this second trip to Beaumont, accompanied the Dommerts to this farm, which was some five miles west of Beaumont, and it was carefully looked over by the Dommerts, in company with appellant, and after the return to the city of Beaumont negotiations were commenced which resulted in a consummation of a sale of this farm to the Dommerts for the total consideration of $110,000, $40,000 of which was paid in cash. The testimony shows that appellant sold for the Dommerts $15,000 worth of vendor's lien notes for their full face value, and that appellant and another purchased from the Dommerts the tract of 539 acres of land hereinbefore mentioned, at a profit to the Dommerts of $10 per acre. It was testified by the Dommerts that their purchase of the farm in question depended upon their being able to sell said vendor's lien notes and said tract of land at a profit of $10 per acre to them, and that they could not have purchased the farm had they not been able to sell the notes and farm as they did, and in that connection both the Dommerts testified that the sale of these notes and the tract of land before mentioned was consummated entirely by the appellant. Appellee, testified, however, on the trial that on the trip back from the farm to Beaumont on the day that the Dommerts had inspected the farm, they stated, unconditionally, that they were going to buy the farm for the consideration agreed upon, and that they did not claim that they would be unable to do so unless they could sell said vendor's lien notes and said tract of land, and in that connection appellee further testified that appellant voluntarily stated to the Dommerts that he would sell for them said vendor's lien notes and said tract of land at the profit to them of $10 per acre.

[1] It will be seen from the foregoing statement of the pleadings of the parties that they disagreed entirely as to the terms of the parol contract between them. If the parol contract was substantially as alleged by appellee, as we have shown above, and if he first called attention of the Dommerts to the fact that the Richardson-Walker farm was listed with the Quinn Realty Company for sale, and if his efforts in connection with the transaction contributed to the sale to the Dommerts, then he was entitled to share in the commission received on such sale, even though it was not by his efforts alone that the sale was finally consummated. It is true that it was the contention of appellant that before appellee would be entitled, under the terms of their agreement, to share in any commission received for the sale of land listed with the Quinn Realty Company, he (appellee) must have been the first to make known to the purchaser the fact that such land was so listed, and to present the proposition to the purchaser, and by his own efforts and alone carry out and consummate the deal, unaided in any way by appellant himself; but, as we have already shown, appellee testified that all he was required to do, under the terms of the oral agreement, in order to share in a commission received, was to be the first to call attention of the purchaser to the fact that the land was listed with the company for sale, and to present the proposition to the purchaser first, and to use his best efforts to consummate and assist in the consummation of a sale. The trial court filed no findings of fact or conclusions of law, but, as we view the evidence in the case, as disclosed by the record, it was sufficient to warrant a finding by the trial court that the oral contract between the parties was substantially as claimed by appellee, and the evidence was also sufficient, if given credence by the trial court, to warrant a finding by him that appellee was the first to call attention of the Dommerts to the fact that the Richardson-Walker farm was listed with the Quinn Realty Company for sale, and to present said property to them, and that his efforts to sell said property to the Dommerts contributed largely to the consummation of the sale and purchase of said farm, and that therefore he was entitled, under the terms of the oral contract, to share in the commission that was received by appellant for the sale of said farm, to the extent of one-half thereof, which amount was allowed him by the trial court's judgment. The fact, if it was a fact, that the sale of this farm would not have been made to the Dommert brothers but for the efforts of appellant in selling said vendor's lien notes and said tract of land for them, would not, under the terms of the parol contract as claimed by appellee, prevent a recovery by him. Under the terms of the contract as he claimed it, his right to share in the commission was not conditioned upon his being the sole cause of the sale of property listed with the Quinn Realty Company, but, as he claimed the contract to be, he was only required to use diligent efforts to make sales of property listed with said company and to be the first to point out to a purchaser such property, and then, if negotiations so commenced resulted in a sale by the efforts of both appellant and appellee, and not alone on account of the efforts on the part of appellee, he would be entitled to share in the commission. The only real controversy in the case is as to the terms of the parol contract, and that was a question of fact for the determination of the court, and,

as we have said, the evidence of appellee, if given credence, was sufficient to warrant a finding that the terms of the contract were such as claimed by him.

[2] It is strenuously contended by appellant, among other things, that even if the parol contract between himself and appellee was as claimed by the latter, still, under the evidence adduced upon the trial, appellee was not entitled to recover, for the reason that appellant himself was shown to have been the first to point out to the Dommerts the Richardson-Walker farm, which he did one day while he and they were driving out to a farm owned by the Dommerts near Beaumont, some time in the fall of 1919. The road on which the parties were driving ran close to said farm, and while passing thereby appellant did call attention of the Dommerts to said farm, but the undisputed evidence shows that at that time the farm had not been listed with appellant for sale by its owners, and further shows that the Dommerts were in no way interested in the purchase of the farm at that time, and it was not called to their attention with any view on the part of appellant of making any sale of same to them. We hold that the mere calling attention of the Dommerts to the farm, as they were passing along, under these facts, did not constitute a pointing out of the farm to the Dommerts for sale, and that it could not be said, upon such facts, that appellant, and not the appellee, was the first to present this property to the Dommerts for sale.

[3] The ordinary rules governing the rights of real estate agents to commissions for sale of lands have no application to this case, but, on the contrary, the rights of the parties must be governed by the contract as made between them.

What we have said, in effect, disposes of all assignments of error, and it would serve no useful purpose to discuss them separately.

The judgment of the trial court will be affirmed.